*28*

*R# 562377*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

*Ex. A - C*

CYNTHIA TERRY,

Plaintiff,

v

MATTHEW AL-NAIMI, an individual,
and RECY-CLEAN SERVICES, LLC.,
a Michigan limited liability company,

Defendants.

_____/

Case: 2:07-cv-14130
Assigned To: Cohn, Avern
Referral Judge: Whalen, R. Steven
Filed: 09-28-2007 At 03:57 PM
CMP: TERRY V. AL-NAIMI ET AL (NH)

*JURY DEMAND*

SCHWARTZ LAW FIRM, P.C.
By:  Jay A. Schwartz (P45268)
     Mary A. Mahoney (P41568)
Attorneys for Plaintiff
37887 West Twelve Mile Road, Suite A
Farmington Hills, Michigan 48331
(248) 553-9400

_____/

## PLAINTIFF'S COMPLAINT

NOW COMES Plaintiff, CYNTHIA TERRY, by and through her attorneys, Schwartz Law

Firm, P.C., and for her Complaint states:

1.      This is an action or damages, brought pursuant to Title VII and the Michigan Elliot-

Larsen Civil Rights Act.  In this action, Plaintiff seeks damages and/or other equitable relief

against the Defendants, as a result of sexual discrimination and harassment that occurred while the

Plaintiff was employed by the corporate Defendant, and arising out of Plaintiff's termination,

which occurred as a result of retaliatory actions taken by Defendants following the Plaintiff's

complaint of sexual discrimination and harassment.

1

2.      This suit is authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, specifically 42 USC §2000(e) *et seq*, and by the Elliot-Larsen Civil Rights Act, specifically MCL §37.2101, *et seq.*

3.      As a result of the sexual discrimination and harassment that occurred while the Plaintiff was employed by the above-named corporate Defendant and prior to the Plaintiff's wrongful termination, the Plaintiff filed charges of discrimination with the Equal Employment Opportunity Commission as to the corporate Defendant.

4.      Subsequent to September 7, 2007, Plaintiff withdrew her Charges and on or about September 8, 2007, Plaintiff received a right to sue letter as to each charge as against Defendant, RECY-CLEAN SERVICES, LLC, from the EEOC.

5.      Jurisdiction of this Court is invoked pursuant to 42 USC § 2000(e)(5)(f); 28 USC § 1331 and 28 USC § 1343 (a)(4).

6.      The amount in controversy exceeds $75,000.00 exclusive of interest, costs and attorney fees thereon.

## **PARTIES**

7.      Plaintiff, CYNTHIA TERRY, was at all times relevant hereto an individual residing in the City of Lincoln Park, County of Wayne, State of Michigan.

8.      Defendant, RECY-CLEAN SERVICES, LLC, was at all times relevant hereto a limited liability company duly organized and existing under the laws of the State of Michigan, and doing business in the City of Detroit, County of Wayne, State of Michigan.

9.      Defendant, MATTHEW AL-NAIMI, was at all times relevant hereto the owner, member and manager of Defendant, RECY-CLEAN SERVICES, LLC, and at all relevant times worked at the same facility as Plaintiff and supervised Plaintiff.

10. In July, 2004, Plaintiff was hired by Defendant, RECY-CLEAN SERVICES, LLC, as an office administrator.

11. Throughout Plaintiff's employment with corporate Defendant, she consistently performed all of her assigned work in a professional and diligent manner.

12. In November, 2004, Plaintiff took an unpaid leave of absence in order to have shoulder surgery and was off work pursuant to her doctor's instructions until she was released to return to work in April, 2005.

13. In April, 2005, when Plaintiff returned to work for Defendant after her leave of absence, she found that the computer at which she was directed to work contained a "screensaver" depicting sexually explicit material, to wit: fellatio.

14. Plaintiff attempted to remove the prurient material from the computer, however, another sexually explicit photograph appeared, depicting a white female being penetrated by the penis of a black male; the photograph depicted the words "Reserved for black dicks" inscribed in writing on the female's leg. (See attached Exhibit A).

15. Plaintiff was highly offended by both the prurient nature of the images, as well as the possible implications affecting her, personally, insofar as she was, at the time, dating a biracial male, and displayed a picture of him in her personal workspace on days that she worked at Defendant's office.

16. Plaintiff immediately objected to the presence of the sexually explicit material to her immediate supervisor, who informed Defendant AL-NAIMI of Plaintiff's objection. Plaintiff also complained to her supervisor about the use of vulgar, unprofessional and sexually explicit language in the office.

17.     Plaintiff's immediate supervisor informed her that the pictures were placed on the computer by Defendant AL-NAIMI, and indicated he would speak to AL-NAIMI regarding Plaintiff's objections.

18.     Plaintiff's immediate supervisor called her back and told her that he had spoken with Defendant AL-NAIMI.

19.     Plaintiff's next schedule work day was the following day, and at the end of the day, AL-NAIMI acknowledged that Plaintiff's supervisor had advised him that Plaintiff was upset about the language in the office and the sexually explicit material, and AL-NAIMI indicated that he would attempt to "curb" his activities.

20.     After Plaintiff's complaints, the sexually explicit material continued to appear on the computer, however, Plaintiff's supervisor made attempts to remove it so that Plaintiff did not see it; his efforts were not always successful, and Plaintiff continued to find offensive pictures and "jokes" and sexually explicit materials on the computer. (See attached Exhibit B).

21.     Plaintiff complained each time she discovered offensive and sexual materials on the computer, which was the only computer available upon which she could perform her work on behalf of Defendant.

22.     In July, 2006, Plaintiff discovered five (5) videos containing sexually explicit materials on the office computer, and again objected.

23.     Plaintiff continued to object each and every time she discovered explicit and prurient materials on the computer.

24.     On April 17, 2007, when Plaintiff arrived at the office to work, she discovered a sexually explicit photo of an unknown male performing a sexual act upon an unknown female; someone had added a caption to the photograph, which read "Jon Burtraw doing the deed with

4

Cindy in 1998". (See attached Exhibit C). Jon Burtraw was Plaintiff's immediate supervisor, and Plaintiff is known by the abbreviated name "Cindy".

25. Upon viewing the picture, Plaintiff was immediately shocked, outraged, humiliated, and disgusted by the image, and went home for the day.

26. Plaintiff was contacted by her supervisor, Jon Burtraw, the next day, and he advised her that he had resigned his position with Defendant, and apologized for not having been able to remove the objectionable photograph before Plaintiff could view it.

27. The following day, Defendant AL-NAIMI advised Plaintiff that Burtraw no longer worked for Defendant, and that Defendant had hired an attorney; Plaintiff asked whether she was going to be fired, and Defendant AL-NAIMI told her that she would have a job as long as she informed AL-NAIMI as to what was "going on" with Burtraw.

28. Plaintiff called the Michigan Department of Civil Rights ("MDCR") to make a complaint that same day.

29. Plaintiff completed and signed a Charge of Discrimination with MDCR on April 30, 2007.

30. Upon information and belief, Defendants received a copy of the charging document on or about May 8, 2007.

31. From and after May 8, 2007, Defendant cut back Plaintiff's working hours from three days per week to one day per week.

32. On May 14, 2007, Plaintiff completed and signed a Charge of Discrimination for retaliation based upon the reduction of her work hours by Defendant.

33. From and after Defendants' receipt of the retaliation charge, Plaintiff was locked out of the computer and was removed from most of her duties relating to her job.

5

34.     On or about June 27, 2007, Plaintiff was advised by Defendant AL-NAIMI that the company had no more work for her, and her employment was terminated.

35.     During the course of events described herein, Defendants, RECY-CLEAN SERVICES, LLC, failed to take any remedial action as a result of Plaintiff's complaints.

36.     As a direct and proximate result of the aforementioned wrongful conduct of the Defendants, Plaintiff has suffered, is currently suffering, and will continue in the future to suffer damages, including without limitation:

(a)     Lost compensation, including wages and benefits;

(b)     Severe emotional distress, including fear, anxiety and depression;

(c)     Physical pain and suffering occasioned by the aforementioned emotional distress;

(d)     Loss of reputation;

(e)     Loss of dignity and self-esteem;

(f)     Loss of earning capacity; and

(g)     Other damages to be determined.

### COUNT I

### SEXUAL HARASSMENT/HOSTILE WORK ENVIRONMENT

37.     Plaintiff repeats and realleges her allegations contained in paragraphs 1 through 36 above, as though fully restated below.

38.     At all times relevant hereto, Plaintiff was employed by Defendant, RECY-CLEAN SERVICES, LLC, and as such, Plaintiff and Defendants were covered by and subject to the requirements and prohibitions of Title VII, specifically 42 USC § 2002 *et seq*, and the Elliot-Larsen Civil Rights Act, MCL 37.2101 *et seq*.

6

39.     Plaintiff was discriminated against based on her gender, and/or subjected to a hostile work environment by Defendant AL-NAIMI in the course of her employment, as described above.

40.     Plaintiff reported the wrongful conduct of Defendant AL-NAIMI to her immediate supervisor, and Defendants, AL-NAIMI and RECY-CLEAN SERVICES, LLC, failed to respond in any fashion whatsoever to Plaintiff's complaint, except in a perfunctory and dismissive manner.

41.     The wrongful conduct of Defendant AL-NAIMI as described herein, constituted sexual harassment and discrimination and resulted in a hostile work environment contrary to Title VII of the US Code and the Elliot-Larsen Civil Rights Act.

42.     As a direct and proximate result of Defendant AL-NAIMI'S unlawful actions, as ratified and accepted by Defendant, RECY-CLEAN SERVICES, LLC, as described above, Plaintiff has suffered the injuries and damages set forth previously.

43      Plaintiff seeks an additional award of actual attorney's fees and costs, as authorized in the US Code and Michigan statute with respect to civil rights violations.

44.     The actions of Defendants were knowing, willful and intentional and accordingly, Plaintiff is entitled to an award of punitive damages.

WHEREFORE, Plaintiff, CYNTHIA TERRY respectfully requests that this Court enter judgment against Defendants which provides the following relief:

I.      <u>Legal Relief</u>

    A.      Compensatory damages in an amount in excess of $75,000.00;

    B.      Exemplary damages in an amount in excess of $75,000.00;

    C.      Punitive damages in an amount in excess of $75,000.00; and

    D.      Interest, costs and actual attorney fees.

II. Equitable Relief

A. Enter an Order reinstating Plaintiff to the position she would have held had there been no harassment or discrimination;

B. Enter an injunction prohibiting any further acts of discrimination;

C. Award Plaintiff interest, costs and reasonable, actual attorney fees; and

D. Enter such other and further Orders as the Court deems just and appropriate at the time of the final judgment.

## COUNT II

## RETALIATORY DISCHARGE

45. Plaintiff repeats and realleges her allegations contained in paragraphs 1 through 44 above, as though fully set forth below.

46. Plaintiff took direct action to oppose what she perceived to be discrimination on the basis of her gender by reporting what she perceived to be sexual harassment to supervisory and management personnel at Defendant, RECY-CLEAN SERVICES, LLC, and by filing charges with the Michigan Department of Civil Rights.

47. As a direct and proximate result of her complaints, Defendants, RECY-CLEAN SERVICES, LLC and AL-NAIMI, retaliated against Plaintiff by reducing her work hours, and ultimately removing her from her position and terminating her employment.

48. As a direct and proximate result of the above-described retaliatory conduct, Plaintiff has suffered the damages specified above.

49. The retaliatory conduct of Defendants violates both Title VII of the US Code and the Elliot-Larsen Civil Rights Act.

50.     Plaintiff seeks an additional award of actual attorney's fees and costs, as authorized in the US Code and Michigan statute with respect to civil rights violations.

51.     The actions of Defendants were knowing, willful and intentional and accordingly, Plaintiff is entitled to an award of punitive damages.

WHEREFORE, Plaintiff, CYNTHIA TERRY, respectfully requests that this Court enter judgment against Defendants, jointly and severally, which provides the following relief:

I.      Legal Relief

     A.      Compensatory damages in an amount in excess of $75,000.00;

     B.      Exemplary damages in an amount in excess of $75,000.00;

     C.      Punitive damages in an amount in excess of $75,000.00; and

     D.      Interest, costs and actual attorney fees.

II.     Equitable Relief

     A.      Enter an Order reinstating Plaintiff to the position she would have held had there been no discrimination;

     B.      Enter an injunction prohibiting any further acts of discrimination;

     C.      Award Plaintiff interest, costs and reasonable, actual attorney fees; and

     D.      Enter such other further Orders as the Court deems just and appropriate at the time of the final judgment.

SCHWARTZ LAW FIRM, P.C.

By: _____
Jay A. Schwartz (P45268)
Mary A. Mahoney (P41568)
Attorney for Plaintiff
37887 West Twelve Mile Road, Suite A
Farmington Hills, Michigan 48331
(248) 553-9400

Dated:     September 27, 2007

9

## PLAINTIFF'S JURY DEMAND

NOW COMES Plaintiff, CYNTHIA TERRY, by and through her attorney, Schwartz Law

Firm, P.C., and hereby demands a trial by jury of the within cause.

SCHWARTZ LAW FIRM, P.C.

By: _____
Jay A. Schwartz (P45268)
Mary A. Mahoney (P41568)
Attorney for Plaintiff
37887 West Twelve Mile Road, Suite A
Farmington Hills, Michigan 48331
(248) 553-9400

Dated:   September 27, 2007

## Cindy

**From:**       Cindy [cjet03@comcast.net]
**Sent:**       Sunday, May 13, 2007 4:40 PM
**To:**         cjet03@comcast.net
**Subject:**    FW:
**Attachments:** Internet Explorer Wallpaper.jpg.bmp; 098.jpg

**From:** Cindy [mailto:cjet03@comcast.net]
**Sent:** Thursday, April 14, 2005 12:58 PM
**To:** cjet03@comcast.net
**Subject:**

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**County in which this action arose** Wayne

| PLAINTIFFS | DEFENDANTS |
|---|---|
| CYNTHIA TERRY | MATTHEW AL-NAIMI and RECY-CLEAN SERVICES, LLC |

**(b)** County of Residence of First Listed Plaintiff **Wayne**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant

Case: 2:07-cv-14130
Assigned To: Cohn, Avern
Referral Judge: Whalen, R. Steven
Filed: 09-28-2007 At 03:57 PM
CMP: TERRY V. AL-NAIMI ET AL (NH)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Schwartz Law Firm, P.C. / Mary A. Mahoney (P41568)
37887 West Twelve Mile Road, Suite A
Farmington Hills, Michigan 48331 / (248) 553-9400

## II. BASIS OF JURISDICTION (Select One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☑ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Select One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Select One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

*PERSONAL INJURY*
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

*PERSONAL INJURY*
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

*PERSONAL PROPERTY*
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☑ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence

*Habeas Corpus:*
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Select One Box Only)

- ☑ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 USC 2000(e)

Brief description of cause:
Plaintiff was the victim of sexual discrimination, harassment, and retaliatory actions while employed by the Defendant.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $** $75,000.00 +

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☑ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):

JUDGE _____ DOCKET NUMBER _____

DATE
September 27, 2007

SIGNATURE OF ATTORNEY OF RECORD
*Mary A. Mahoney*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

JANT TO LOCAL RULE 83.11

Is this a case that has been previously dismissed?

☐ Yes
☑ No

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____

2.  Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)

☐ Yes
☑ No

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____

Notes :