UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


CYNTHIA TERRY,

     Plaintiff,

v

MATTHEW AL-NAIMI, an individual,
and RECY-CLEAN ENVIRONMENTAL
SERVICES, LLC., a Michigan limited
liability company,

     Defendants.
_____/

Case:  2:07-cv-14130
Assigned To:  Cohn, Avern
Referral Judge:  Whalen, R. Steven
Filed:  9-28-2007 At 03:57 PM
CMP:  TERRY V. AL-NAIMI ET AL (NH)

---

| | |
|---|---|
| Schwartz Law Firm, P.C.<br>By:  Jay A. Schwartz (P45268)<br>    Mary A. Mahoney (P41568)<br>Attorneys for Plaintiff<br>37887 West Twelve Mile Road, Suite A<br>Farmington Hills, MI 48331<br>(248) 553-9400 | Austin Hirschhorn (P15001)<br>Austin Hirschhorn, P.C.<br>Attorney for Matthew Al-Naimi and Recy-<br>Clean Services, LLC<br>101 W. Big Beaver Rd., Suite 1050<br>Troy, MI  48084-5299<br>(248) 680-1660 |

---

## ANSWER OF DEFENDANTS MATTHEW AL-NAIMI AND RECY-CLEAN ENVIRONMENTAL SERVICES, LLC TO PLAINTIFF'S FIRST AMENDED COMPLAINT; RELIANCE ON JURY DEMAND AND AFFIRMATIVE DEFENSES

Now come Defendants, Matthew Al-Naimi, an individual, and Recy-Clean Environmental Services, LLC, a Michigan limited liability company, by and through their attorney, Austin Hirschhorn, and make answer to Plaintiff's First Amended Complaint, saying:

1. Defendants neither admit nor deny the allegations contained in paragraph 1 for lack of sufficient information in the premises to form a belief thereto, and therefore leave Plaintiff to her proofs.

2. Defendants neither admit nor deny the allegations contained in paragraph 2 for lack of sufficient information in the premises to form a belief thereto, and therefore leave Plaintiff to her proofs.

3. Defendants neither admit nor deny the allegations contained in paragraph 3 for lack of sufficient information in the premises to form a belief thereto, and therefore leave Plaintiff to her proofs. Further answering paragraph 3, Defendant Matthew Al-Naimi denies any sexual discrimination on his part and any harassment on Plaintiff perpetrated by him. Further answering paragraph 3, Defendants admit that Plaintiff filed charges of discrimination with the Equal Employment Opportunity Commission as to the corporate Defendant, but that charge was voluntarily dismissed by Plaintiff.

4. Defendants admit that Plaintiff withdrew her charges subsequent to September 7, 2007. As to the remaining allegations in paragraph 4, Defendants neither admit nor deny those allegations for lack of sufficient information in the premises to form a belief thereto, and therefore leave Plaintiff to her proofs. Further answering paragraph 4, Defendants request a copy of the right to sue letter referred to in Plaintiff's Complaint.

5. Defendants neither admit nor deny the allegations contained in paragraph 5 for lack of sufficient information in the premises to form a belief thereto, and therefore leave Plaintiff to her proofs.

6. Defendants deny the allegations contained in paragraph 6 as untrue.

## PARTIES

7.      Upon information and belief, admitted.

8.      Admitted.

9.      Answering 9, Defendant, Matthew Al-Naimi admits that he was the sole owner and sole member of Defendant Recy-Clean Environmental Services, LLC but denies that he managed that entity since it was managed by Jon Burtraw who supervised Plaintiff.  Defendant Matthew Al-Naimi admits that he worked in the same building as Plaintiff.

10.     Admitted.

11.     Defendants neither admit nor deny the allegations contained in paragraph 11 for lack of sufficient information in the premises to form a belief thereto, and therefore leave Plaintiff to her proofs.  Further answering paragraph 11, Defendants aver that during her employment with Defendant, Plaintiff engaged in activities on the premises where Defendant was located that caused Defendant to discipline her for conduct that was neither professional nor legal.

12.     Defendants deny the allegations contained in paragraph 12 in the form and style alleged as untrue.  In support of their denial, Defendants aver that to the best of their knowledge, information and belief Plaintiff was cleared by her physician to begin working in February but chose to return in March of 2007 after taking a vacation.

13.     Defendants neither admit nor deny the allegations contained in paragraph 13 for lack of sufficient information in the premises to form a belief thereto, and therefore leave Plaintiff to her proofs.  Further answering paragraph 13, Defendants aver that the computer at which Plaintiff worked was also used by Jon Burtraw and available to other people who worked in the building at 1331 Holden.

3

14.     Defendants neither admit nor deny the allegations contained in paragraph 14 for lack of sufficient information in the premises to form a belief thereto, and therefore leave Plaintiff to her proofs.  Further answering paragraph 14, Defendants aver that Plaintiff never complained to them about the material referred to in paragraph 14.

15.     Defendants neither admit nor deny the allegations contained in paragraph 15 for lack of sufficient information in the premises to form a belief thereto, and therefore leave Plaintiff to her proofs.  Insofar as the allegations regarding Plaintiff's dating habits, Defendants neither admit nor deny those allegations for lack of sufficient information in the premises to form a belief thereto, and therefore leave Plaintiff to her proofs.

16.     Defendants neither admit nor deny the allegations contained in paragraph 16 for lack of sufficient information in the premises to form a belief thereto, and therefore leave Plaintiff to her proofs.  Further answering paragraph 16, Defendant, Matthew Al-Naimi denies being told anything about Plaintiff's alleged complaints of sexually explicit material by Plaintiff's immediate supervisor Jon Burtraw.  Defendant, Matthew Al-Naimi acknowledges receipt of a complaint made by Plaintiff to Jon Burtraw regarding the use of vulgar language which Defendant, Matthew Al-Naimi agreed that he would try to moderate and regulate.

17.     Defendants neither admit nor deny the allegations contained in paragraph 17 for lack of sufficient information in the premises to form a belief thereto, and therefore leave Plaintiff to her proofs.  Further answering paragraph 17, Defendants aver that the computer referred to in paragraph 17 was used by Jon Burtraw, Plaintiff's immediate supervisor who habitually used that computer to access pornographic material and Defendants believe that any such  material placed on that computer was probably placed there by Jon Burtraw.

4

18.     Defendants neither admit nor deny the allegations contained in paragraph 18 for lack of sufficient information in the premises to form a belief thereto, and therefore leave Plaintiff to her proofs.

19.     Answering 19, Defendant, Matthew Al-Naimi avers that Mr. Jon Burtraw spoke to him about Plaintiff's complaints about the use of offensive language in the office but never discussed sexually explicit material with him.  Mr. Al-Naimi acknowledges that he agreed to attempt to curb his use of profanity but was never made aware of any complaints about sexually explicit material either by Plaintiff or her supervisor.

20.     Defendants neither admit nor deny the allegations contained in paragraph 20 for lack of sufficient information in the premises to form a belief thereto, and therefore leave Plaintiff to her proofs.

21.     Defendants deny that Plaintiff ever complained directly to Matthew Al-Naimi about offensive sexual materials on the computer and as to the remainder of the allegations contained in paragraph 21, neither admits nor denies those allegations for lack of sufficient information in the premises to form a belief thereto, and therefore leave Plaintiff to her proofs.

22.     Defendants neither admit nor deny the allegations contained in paragraph 22 for lack of sufficient information in the premises to form a belief thereto, and therefore leave Plaintiff to her proofs.

23.     Defendants neither admit nor deny the allegations contained in paragraph 23 for lack of sufficient information in the premises to form a belief thereto, and therefore leave Plaintiff to her proofs.  Further answering paragraph 23, Defendants request that Plaintiff indicate to whom she complained each and every time she discovered sexually explicit materials on the computer and whether there were ever any written complaints submitted to Defendants.

24.     Defendants neither admit nor deny the allegations contained in paragraph 24 for lack of sufficient information in the premises to form a belief thereto, and therefore leave Plaintiff to her proofs.  Further answering paragraph 24, Defendants aver that the incident alleged in paragraph 24 was never reported to them by Plaintiff or any other person on her behalf.

25.     Defendants neither admit nor deny the allegations contained in paragraph 25 for lack of sufficient information in the premises to form a belief thereto, and therefore leave Plaintiff to her proofs.  Further answering paragraph 25, to the best of Defendants knowledge, information and belief, at no time did Plaintiff ever leave the work premises early and if Plaintiff did in fact go home early, she never communicated the reason for her leaving to Defendants.

26.     Defendants neither admit nor deny the allegations contained in paragraph 26 for lack of sufficient information in the premises to form a belief thereto, and therefore leave Plaintiff to her proofs.  Further answering paragraph 26, Defendants aver that Jon Burtraw submitted his resignation to Steven Harworth while Defendant, Matthew Al-Naimi was in the hospital.  At the time of his resignation Mr. Al-Naimi was informed that Mr. Burtraw had told Mr. Harworth that he was resigning due to the lack of work and the pressure that was being placed upon him to get work.  Since Jon Burtraw was the only employee with the necessary licenses and permits to perform the work that Recy-Clean Environmental Services, LLC performed, his efforts were necessary to the success of that business.  Shortly after Jon Burtraw resigned, Defendant, Matthew Al-Naimi was informed that Jon Burtraw had formed his own company and without a qualified employee to handle the business of Recy-Clean Environmental Services, LLC Mr. Al-Naimi was forced to terminate business activity for that entity.

27.     Defendants deny the allegations contained in paragraph 27 as untrue.  In support of their denial, Defendants aver that Mr. Al-Naimi informed Ms. Terry that he would keep her

6

employed as long as he could, but without the services of Jon Burtraw, he would eventually be forced to shut down Recy-Clean Environmental Services, LLC, which did in fact occur.

28.     Defendants neither admit nor deny the allegations contained in paragraph 28 for lack of sufficient information in the premises to form a belief thereto, and therefore leave Plaintiff to her proofs.

29.     Admitted.

30.     Admitted.

31.     Defendants admit that because of the lack of business it was necessary to cut back Plaintiff's working hours from and after May 18, 2007.

32.     Admitted.  Further answering paragraph 32, Defendants aver that the reduction of work hours was caused by the resignation of Mr. Burtraw and the fact that the company no longer had a qualified employee to perform its services and no work, all of which was told to Plaintiff.

33.     Defendants deny the allegations contained in paragraph 33 in the form and style made as untrue.  In support of their denial, Defendants aver that without authorization while Defendant, Matthew Al-Naimi was absent from the office, Plaintiff had accessed payroll records on his computer which was located in Mr. Al-Naimi's office in a different part of the building.  Mr. Al-Naimi reported this to his accountant who suggested that a password be placed upon the computer.  Access to the computer customarily used by Plaintiff for her work was never restricted.

34.     Defendants deny the allegations contained in paragraph 34 as untrue.  In support of their denial, Defendants aver that on June 27, 2007, Defendant, Matthew Al-Naimi advised Plaintiff that the company did not have work for her at the time her paycheck was presented to

7

her.  On July 6, 2007 Plaintiff sent an e-mail to Defendant, Matthew Al-Naimi requesting that he notify her by e-mail or regular mail as to her employment status.  Defendant never responded to that e-mail on July 6, 2007.

35.     Defendants neither admit nor deny the allegations contained in paragraph 35 for lack of sufficient information in the premises to form a belief thereto.   Further answering paragraph 35, Defendants aver that they were never advised directly by Plaintiff or any person on her behalf of a need for remedial action or of the complaints of Plaintiff.

36.     Answering 36 and subparagraphs a through g thereunder, Defendants deny the allegations therein contained for lack of sufficient information in the premises to form a belief thereto, and therefore leave Plaintiff to her proofs.

## COUNT I

## SEXUAL HARASSMENT/HOSTILE WORK ENVIRONMENT

37.     By way of response to paragraph 37, Defendants incorporate their answers to paragraphs 1 through 36 above as though repeated herein word for word and line for line.

38.     Admitted.

39.     Denied as untrue.  In support of their denial, Defendants aver that Defendant, Matthew Al-Naimi did not interact with Plaintiff on a regular basis and avers that almost all of the interaction between Plaintiff in connection with her job duties took place with Jon Burtraw her immediate supervisor.  Defendant, Matthew Al-Naimi denies that he did anything to cause a hostile work environment as alleged by Plaintiff in paragraph 39.

40.     Defendants neither admit nor deny the allegations contained in paragraph 40 for lack of sufficient information in the premises to form a belief thereto.  Further answering

8

paragraph 40, Defendants aver that Plaintiff's immediate supervisor, Jon Burtraw never discussed any of Plaintiff's complaints other than those relating to Defendant, Matthew Al-Naimi's use of vulgar language to them.

41.     Defendant, Matthew Al-Naimi denies any wrongful conduct on his part and therefore denies the allegations contained in paragraph 41 as untrue.

42.     Defendants deny any unlawful action on the part of Matthew Al-Naimi and therefore deny the allegations contained in paragraph 42.

43.     Defendants deny that Plaintiff is entitled to the relief requested in paragraph 43.

44.     Denied as untrue.

Answering the prayer for relief contained in Count I and subparagraphs I and II entitled Legal Relief and Equitable Relief and the subparagraphs thereunder, Defendants deny that Plaintiff is entitled to any of the relief requested and pray for entry of a judgment of no cause for action on Count I plus their costs and attorney fees so wrongfully sustained.

## COUNT II

## RETALIATORY DISCHARGE

45.     Answering 45, Defendants incorporate their answers to paragraphs 1 through 44 above as though repeated herein word for word and line for line.

46.     Answering 46, Defendants neither admit nor deny the allegations therein contained for lack of sufficient information in the premises to form a belief thereto, and therefore leave Plaintiff to her proofs.  Further answering paragraph 46, Defendants aver that if Plaintiff did in fact complain to her supervisor, the information reported by her to her supervisor was never passed on to Defendants.

9

47.     Defendants deny the allegations contained in paragraph 47 in the form and styled alleged as untrue.  In support of their denial, Defendants aver that reduction of Plaintiff's work hours was caused by the fact that Jon Burtraw, the qualified person to perform the work of Recy-Clean Environmental Services, LLC resigned from the company to form his own entity, causing an impossibility on the part of Defendant, Recy-Clean Environmental Services, LLC to perform its work.  This resulted in a reduction in Plaintiff's work hours and eventually resulted in a shutting down of that business.

48.     Defendants deny any retaliatory conduct as alleged by Plaintiff in paragraph 48 and deny any conduct on their part causing damage to Plaintiff.

49.     Denied as untrue.

50.     Defendants deny that Plaintiff is entitled to the relief requested in paragraph 50.

51.     Denied as untrue.

Answering the prayer for relief in Count II and subparagraphs I and II thereunder and the subparagraphs contained in I and II, Defendants deny that Plaintiff is entitled to the relief requested in Count II and pray for entry of a judgment of no cause for action on Count II plus their costs and attorney fees so wrongfully sustained.

## RELIANCE ON PLAINTIFF'S JURY DEMAND

Defendants acknowledge Plaintiff's jury demand and agree that they will rely on that jury demand in this action.

## AFFIRMATIVE DEFENSES

52.     For their first affirmative defense, Defendants aver that Plaintiff has failed to state a cause of action against them.

10

53.     For their second affirmative defense, Defendants aver that any reduction in Plaintiff's work hours was caused by economic necessity and not as the result of any retaliatory conduct on their part.

54.     Defendants reserve the right to plead any additional affirmative defenses which may become apparent to them during the course of discovery as this case progresses.

DATED:  January 18, 2008                              AUSTIN HIRSCHHORN, P.C.


By: /s/ AUSTIN HIRSCHHORN
Austin Hirschhorn (P15001)
Attorney for Defendants, Recy-Clean
Environmental Services, LLC and
Matthew Al-Naimi
101 W. Big Beaver Rd., Suite 1050
Troy, MI  48084-5299
(248) 680-1660


### *CERTIFICATE OF SERVICE*


I hereby certify that on the 18th day of January, 2008 I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically.


/s/ SUZANNE HOULT
SUZANNE HOULT
Legal Assistant to Austin Hirschhorn
Austin Hirschhorn, P.C.
101 W. Big Beaver Road, Suite 1050
Troy, MI 48084-5299
(248) 680-1660


11