UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


CYNTHIA TERRY,

     Plaintiff,

                                        Case No. 07-14130

-vs-                                HON. AVERN COHN

MATTHEW AL-NAIMI, RECY-CLEAN
SERVICES L.L.C., and RECY-CLEAN
ENVIRONMENTAL SERVICES L.L.C.,

     Defendants.

_____/

## MEMORANDUM AND ORDER
## GRANTING PLAINTIFF'S MOTION FOR ATTORNEY FEES[1]

### I. Introduction

     This is an employment discrimination case.  On January 8, 2009, a jury found

defendant Recy-Clean Environmental Services, L.L.C., (Recy-Clean) guilty of sexually

harassing plaintiff Cynthia Terry (Terry) and awarded her $25,000 in compensatory

damages and $125,000 in punitive damages.  The jury acquitted Recy-Clean of

retaliation and acquitted defendant Matthew Al-Naimi of sexual harassment and

retaliation.

     The Court entered a judgment on the verdict against Recy-Clean in the amount

of $150,000.

     Before the Court is Terry's motion requesting $43,625.82 in attorney fees.  For

the reasons that follow, the motion will be granted in the amount of $20,963.50.

_____

[1] The Court originally scheduled this matter for hearing.  Upon review of the
parties' papers, however, the Court finds that oral argument is not necessary.  See E.D.
Mich. LR 7.1(e)(2).

## II.  Legal Standards

"In any action or proceeding under [subchapter VI, Equal Employment Opportunities, of Chapter 21, Civil Rights, of Title 42] the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee . . . as part of the costs."  42 U.S.C. § 2000e-5(k).  "A court, in rendering a judgment in an action brought pursuant to [Michigan's Elliott-Larsen Civil Rights Act (ELCRA)], may award all or a portion of the costs of litigation, including reasonable attorney fees and witness fees, to the complainant in the action if the court determines that the award is appropriate."  M.C.L. 37.2802.  A "prevailing party" is one who was entitled to some form of relief when the suit was brought.  Harrington v. Vandalia-Butler Bd. of Educ., 585 F.2d 192, 197 (6th Cir. 1978).  The awarding and amount of attorney fees are at the Court's discretion.  42 U.S.C. § 12205; Dillery v. City of Sandusky, 398 F.3d 562, 569 (6th Cir. 2005).

The Supreme Court and the Sixth Circuit have recognized a modified rate-times-hours method of calculating a reasonable attorney fee.  E.g., Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); Coulter v. State of Tenn., 805 F.2d 146 (6th Cir. 1986).  However, "[c]ases may be overstaffed, and the skill and experience of lawyers vary widely.  Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary . . . ."  Hensley, 461 U.S. at 434.  For example,

> Hours spent in reviewing records, talking to other lawyers or experts, preparing legal documents and the like cannot be fully verified and require the court to trust the lawyer's word that the hours claimed represent necessary work actually performed.  Depending on the situation, the lawyer may have strong economic incentives to spend too many hours on a piece of work or to exaggerate the number of hours spent or the

2

necessity or importance of the work.  Similarly, it is often difficult to assess
the need for two lawyers at a deposition, an interview, or a trial.

Coulter, 805 F.2d at 150.  After the lodestar is calculated, the Court may adjust the fee

for factors such as the number of defendants against whom a plaintiff prevailed

compared with the number joined, the proportion of claims on which plaintiff prevailed,

the experience of the attorneys, duplicated hours, and whether the agreement was for a

fixed or contingent fee.  Marr v. Rife, 545 F.2d 554, 555–56 (6th Cir. 1976); Disabled

Patriots of Am., Inc., v. Taylor Inn Enters., Inc., 424 F.Supp.2d 962, 965–66 (E.D. Mich.

2006).  "There is no precise rule or formula for making these determinations.  The

district court may attempt to identify specific hours that should be eliminated, or it may

simply reduce the award to account for the limited success."  Hensley, 461 U.S. at

436–37.

**IV.**

As the prevailing party, Terry is entitled to attorney fees under Title VII of the Civil

Rights Act and ELCRA.  She seeks $43,625.82.  Recy-Clean urges the Court in its

discretion to reduce the amount.

Terry's attorneys billed the following hours:

| Name | Experience | Rate | Hours | Total |
|------|------------|------|-------|-------|
| Mary Mahoney | 20.5 years litigation, including Civil Rights actions | $275.00 | 128.4 | $35,310.00 |
| Susan Brown | 21 years in employment law, especially Civil Rights cases | 275.00 | 5.5 | 1,512.50 |
| Erik Graney | 2.5 years; 2006 magna cum laude graduate of MSU Law; clinic experience in school; two summers clerking at a law firm where work included employment law | 200.00 | 34.03 | 6,803.32 |
| **TOTAL** | | | | **$43,625.82** |

Recy-Clean does not question the hourly rates of the attorneys but the Court finds that a $200 hourly rate for an attorney in the Detroit area with under three years' experience is excessive.  The hourly rate allowed for Mr. Graney will be $150, reducing his total to $5,104.50 and the lodestar total to $41,927.00.

Counsel for Recy-Clean "believes" that some of the charges are not considered as taxable costs under local and federal rules; however, counsel does not cite any particular rules.  Counsel for Recy-Clean also thinks "some of the costs" involve duplication of efforts by Terry's attorneys and charges for services unrelated to Recy-Clean but counsel does not cite any particular charges.

The original amount claimed by Terr's counsel was under $50,000, not an excessive amount for a case that went to trial.  However, Terry prevailed against only one of two defendants, Recy-Clean, and was successful on only one of two claims against Recy-Clean.

4

Therefore, the Court will exercise its discretion in reducing the modified lodestar total by one-half.  Recy-Clean is liable for $20,963.50 in attorney fees.

### V.  Conclusion

The clerk will enter a supplemental judgment in Terry's favor in the amount of $20,963.50 as reasonable compensation for attorney fees.

SO ORDERED.

_s/Avern Cohn_____
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated:  March 19, 2009

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, March 19, 2009, by electronic and/or ordinary mail.

_s/Julie Owens_____
Case Manager, (313) 234-5160

5